Filed 5/30/25  P. v. Jones CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KAVON JONES,<br><br>    Defendant and Appellant. | B336093<br><br>(Los Angeles County<br>Super. Ct. No. TA091251) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Blake Armstrong, Deputy Attorneys General for Plaintiff and Respondent.

_____

Kavon Jones appeals from an order denying his petition for resentencing under Penal Code section 1172.6. He contends that the court erroneously relied on the transcript of the preliminary hearing in concluding that he failed to make a prima facie showing that he is entitled to relief. Guided by our Supreme Court's decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*)—issued while this appeal was pending—we disagree. In accord with *Patton*, however, we grant Jones's request for an opportunity on remand to plead additional facts in support of his petition. (*Id*. at p. 569.) We therefore conditionally affirm the order denying his petition.

## FACTUAL AND PROCEDURAL HISTORY

### A.     Preliminary Hearing and Plea

In November 2007, the court held a preliminary hearing during which the following evidence was adduced.

On June 13, 2007, Debra Lawson was driving a car southbound on Wilmington Avenue in Los Angeles with her daughter and Lana Patterson as passengers. Lawson and Patterson saw three men standing on the southwest corner of Wilmington Avenue and 123rd Street. Two of the men were wearing black and white clothes and facing the direction of Lawson's approaching car. According to Patterson, the third man was wearing a red and white striped shirt. According to Lawson, he was wearing a red do-rag, a multi-colored shirt, and red and white shoes.

Lawson and Patterson saw one of the two men facing them raise his hand and shoot the man wearing red. Lawson said the shooter pointed the gun at "the gentleman's temple and fired."

2

The victim, Dion Miles, fell to the ground and the other two men ran away.

A deputy medical examiner determined that Miles died as a result of a gunshot wound to his head.

Two hours after the killing, a deputy sheriff observed Jones standing with a group of several individuals approximately six or seven houses from the intersection of Wilmington and 123rd Street.

Two days after the shooting, Lawson and Patterson independently identified Jones as the shooter from a photographic six-pack array. They also identified Jones in court as the shooter.

A Los Angeles Police Department detective and gang expert testified that the west side of the intersection of Wilmington Avenue and 123rd Street is within the territory claimed by the Carver Park Crips gang, and that Jones is a member of that gang. The detective further testified that walking into the area of Wilmington Avenue and 123rd Street wearing a red do-rag or red clothing would be considered disrespectful to the Carver Park Crips.

At the conclusion of the preliminary hearing, the court held Jones to answer the charge of murder and a gang allegation.

### B.    The Information and Jones's Plea

The district attorney charged Jones by information with murder (§ 187) and alleged that he personally and intentionally used a firearm in the commission of the offense (§ 12022.5, subds. (b) through (d)). The information further alleged that Jones committed the offense for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) No other person was charged with the murder of Miles.

In March 2008, Jones, pursuant to a plea agreement, pleaded no contest to charges of voluntary manslaughter (§ 192, subd. (a)) and carrying a loaded unregistered firearm while an active participant in a criminal street gang (former § 12031, subd. (a)(2)(C)). In connection with the manslaughter count, Jones admitted a gang allegation under section 186.22, subdivision (b)(1)(C), and an allegation that he personally used a firearm in the commission of the crime as defined in section 12022.5, subdivision (a). In connection with the count of carrying a loaded unregistered firearm, Jones admitted a gang allegation under section 186.22, subdivision (b)(1)(A). The court accepted the plea and sentenced him to prison for 32 years 8 months. The court dismissed the murder count and related allegations.

## C.    Petition for Resentencing

On August 29, 2022, Jones filed a petition for resentencing pursuant to section 1172.6. By checking boxes on a preprinted form, Jones alleged: (1) an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of imputed malice based solely on his participation in a crime; (2) he was convicted of manslaughter or accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and (3) he "could not presently be convicted of murder . . . because of changes made to [sections] 188 and 189, effective January 1, 2019." Jones did not support his petition with any facts concerning the killing of Miles. Nor did he allege that he was not the actual killer. The court appointed counsel for him.

4

The People opposed the petition on the ground that the record of conviction, including the preliminary hearing transcript, established that Jones "was prosecuted" for murder "as the sole and actual perpetrator," and therefore ineligible for relief under section 1172.6. Jones did not file a reply.

On November 27, 2023, the court held a hearing to determine whether Jones had made a prima facie showing for relief under section 1172.6. Jones did not offer any additional facts in support of the petition. His counsel argued that if the court looks "just at the four corners, the record of conviction, without doing any fact-finding," Jones "has met his very low prima facie burden."

The court determined that Jones had failed to meet his burden of making a prima facie showing and denied the petition. The court explained that it would follow Court of Appeal decisions that "allowed [the court] to look at the preliminary hearing" transcript. The court pointed to the preliminary hearing testimony of Lawson and Patterson and their in-court identifications of Jones "as the actual shooter." The court explained that the prosecution did not proceed on a theory of implied malice or the natural probable consequence doctrine; the only theory the prosecution presented was that Jones was "the sole perpetrator of the shooting death of Dion Miles."

Jones timely appealed.

After briefing and oral argument in this court, the Supreme Court decided *Patton*, *supra*, 17 Cal.5th 549, which held that "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea" (*id.* at p. 568), and "a petitioner who offers only conclusory allegations of entitlement to relief

5

under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing" (*Patton*, *supra*, at p. 557).  The Supreme Court in *Patton* directed the Court of Appeal to remand the case to the superior court with directions for that court to consider an amended petition should the petitioner, "within 30 days of that remand, seek to file one." (*Id.* at pp. 569–570.)

In light of *Patton*, we vacated submission of the cause and requested supplemental briefs regarding the possibility of allowing Jones, should we affirm the court's order, an opportunity to plead additional facts after remand.  Jones and the Attorney General submitted the requested briefs, which we have read and considered.

## DISCUSSION

Under section 1172.6, a person convicted of murder or manslaughter may file a petition to have the conviction vacated and to be resentenced.  (§ 1172.6, subd. (a).)  The petition must include, among other matters, a declaration that the defendant "could not presently be convicted of murder or attempted murder because of changes" made to the law of murder that went into effect on January 1, 2019.  (§ 1172.6, subds. (a)(3) & (b)(1)(A).) These changes amended the felony murder rule and the natural and probable consequences doctrine " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  As a result, except as permitted under the felony murder doctrine, "in order to be convicted of murder, a principal

6

in a crime shall act with malice aforethought," which "shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

When, as here, a petitioner files a facially sufficient petition under section 1172.6, the trial court must appoint counsel for the petitioner, if requested, and determine, after the opportunity for briefing and a hearing, whether the defendant has made a prima facie case for relief under section 1172.6. (*Patton*, *supra*, 17 Cal.5th at pp. 558–559.) At the prima facie stage, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, *supra*, 11 Cal.5th at p. 971; accord, *Patton*, *supra*, at p. 563.)

For the purpose of evaluating a petitioner's prima facie showing, the "record of conviction" "includes a preliminary hearing transcript preceding a guilty plea." (*Patton*, *supra*, 17 Cal.5th at p. 568.) When the record of conviction "demonstrates the petitioner's conviction was under a still-valid theory," "a section 1172.6 petitioner" fails to make "a prima facie showing" if, "despite having access to counsel," he "offers only conclusory allegations of entitlement to relief." (*Patton*, *supra*, at p. 565.)

Here, Jones checked the boxes on his form petition for resentencing, making the minimally required, but conclusory, allegations establishing a facially sufficient petition. He did not supplement the allegations with any additional facts. The

7

prosecution opposed the petition with the preliminary hearing transcript showing that Jones, a member of the Carver Park Crips, and another man stood facing Miles in Carver Park Crips territory; Miles was wearing colors that a Carver Park Crips member would consider disrespectful to his gang; and Jones raised his arm with a gun in hand and shot Miles in the head, killing him. The undisputed facts demonstrate that Jones acted with "malice aforethought," as defined in the 2019 changes to the homicide law. (See §§ 187, subd. (a), 188, subd. (a), 189, subd. (e)(1).) Jones, "despite having access to counsel" (*Patton*, *supra*, 17 Cal.5th at p. 565), did not file a reply to the prosecution's opposition or argue at the hearing that there were additional facts that would create "a material fact dispute" necessitating an evidentiary hearing (*id.* at p. 567). The court, therefore, did not err in denying the petition.

Jones argues that "there has never been a finding or admission that he acted with malice aforethought," and the preliminary hearing transcript does not preclude the possibility that he committed second-degree felony-murder when he shot Miles, a theory of liability that existed at the time, but which is no longer viable. He appears to suggest—without reference to the record—that he intended merely to assault Miles with a firearm, then discharged the gun with gross negligence, not the intent to kill. (See, e.g., *People v. Robertson* (2004) 34 Cal.4th 156, 164, overruled in *People v. Chun* (2009) 45 Cal.4th 1172, 1201.) The suggestion, however, is a "speculative possibilit[y]" asserted without reference to "specific facts," and thus insufficient to create a factual dispute requiring an evidentiary hearing. (*Patton*, *supra*, 17 Cal.5th at p. 567.)

8

In his supplemental brief, Jones asserts that he, like the defendant in *Patton*, "should be given the opportunity to amend his petition to meet the requirements for a prima facie showing of eligibility for resentencing set forth in *Patton*." (See *Patton*, *supra*, 17 Cal.5th at p. 569.) We will, as in *Patton*, "out of an abundance of caution," give him that opportunity. (See *ibid*.; accord, *People v. Glass* (2025) 110 Cal.App.5th 922, 930–931 [granting petitioner 30 days to plead additional facts on remand, but otherwise conditionally affirming denial of his section 1172.6 petition].)

## DISPOSITION

The order denying Jones's resentencing petition is conditionally affirmed. If Jones files an amended petition for resentencing within 30 days after remand that pleads additional facts, the court shall vacate its order denying the original petition and consider the additional facts in determining whether Jones has made a prima facie case for relief under section 1172.6; if Jones fails to file an amended petition, the order denying the resentencing petition shall be final.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

10